# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **WOODROW ANDREW CLARK,** | : | **MOTION TO VACATE** |
| BOP Reg. # 66836-019, | : | 28 U.S.C. § 2255 |
| Movant, | : | |
| | : | **CRIMINAL ACTION NO.** |
| v. | : | **1:15-CR-104-SCJ-AJB-2** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | **CIVIL ACTION NO.** |
| Respondent. | : | **1:18-CV-4189-SCJ-AJB** |

## UNITED STATES MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

Movant, Woodrow Andrew Clark, filed a pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. [Doc. 163.][1] The Government filed a response in opposition, [Doc. 165], and Movant filed a reply, [Doc. 169]. For the reasons discussed below, the undersigned **RECOMMENDS** that the § 2255 motion be **DENIED**.

**I.    28 U.S.C. § 2255 Standard**

A motion to vacate, set aside, or correct a sentence may be made "upon the ground that the sentence was imposed in violation of the Constitution or laws of

---

[1] Citations to the record in this Final Report and Recommendation refer to case number 1:15-cr-104-SCJ-AJB-2.

the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a). "[C]ollateral review is not a substitute for a direct appeal . . . ." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam). Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Id.* (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted).

A § 2255 movant "has the burden of sustaining his contentions by a preponderance of the evidence." *Tarver v. United States*, 344 Fed. Appx. 581, 582 (11th Cir. Sept. 18, 2009) (per curiam) (quoting *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[2]). The Court must conduct an evidentiary hearing unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). "[A] district court need not hold an evidentiary hearing where the movant's allegations are affirmatively

---

[2]     In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued before October 1, 1981.

contradicted by the record, or the claims are patently frivolous." *Bain v. United States*, 565 Fed. Appx. 827, 828 (11th Cir. May 12, 2014) (per curiam) (quoting *Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002)) (internal quotation marks omitted).

In the present case, the undersigned determines that an evidentiary hearing is not needed because the § 2255 motion and record conclusively show that Movant is entitled to no relief.

## II.   Discussion

On June 28, 2016, a jury found Movant guilty of conspiracy to possess with the intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A) and 846.  [*See* Docs. 8, 124.]  On September 12, 2016, the District Court filed the Judgment and Commitment, sentencing Movant to 156 months of imprisonment, followed by five years of supervised release.  [Doc. 135.]  The United States Court of Appeals for the Eleventh Circuit affirmed.  *See United States v. Clark*, 710 Fed. Appx. 418 (11th Cir. Oct. 12, 2017) (per curiam), *cert. denied*, 138 S. Ct. 2663 (2018).  [Doc. 159.]

Movant timely filed his § 2255 motion on August 31, 2018.  [Doc. 163 at 1; *see also* Doc. 165 at 8 & n.2.]  Movant claims that (1) trial counsel provided ineffective assistance by failing to (a) file motions in limine (ground one),

(b) request jury instructions on expert testimony (ground two), and (c) challenge evidence of Movant's prior convictions (ground three), and (2) Movant's cell phone records were inadmissible under *Carpenter v. United States*, 138 S. Ct. 2206 (2018) (ground four). [Doc. 163 at 4-9.]

### A. Grounds One, Two, and Three

"[F]ailure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509 (2003). In order to demonstrate ineffective assistance of counsel, a convicted defendant must show that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As to the first prong of *Strickland*, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks omitted). As to the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A court

may consider either prong first and need not address the other "if the defendant makes an insufficient showing on one." *Id.* at 697.

In ground one, Movant claims that his counsel failed to file motions in limine to challenge the testimony of a special agent because he was not qualified as an expert. [Doc. 163 at 4.] However, Movant's counsel objected when the Government's counsel appeared to ask the agent for an expert opinion at trial. [Doc. 165 at 4-5.] The District Court sustained the objection but allowed the agent to testify regarding his personal observations and conclusions. [*Id.* at 5-6.] As the Government correctly explains, Movant's counsel could not have reasonably known that this issue would arise at trial and thus could not have filed motions in limine to challenge it before trial. [*Id.* at 11.] *See Hubbard v. Haley*, 317 F.3d 1245, 1259 (11th Cir. 2003) ("[D]efense counsel . . . need not urge every conceivable objection the law would provide."). Movant's counsel objected when the issue arose, and the District Court sustained the objection. Therefore, Movant's counsel did not perform deficiently, and Movant was not prejudiced.

In ground two, Movant claims that his counsel failed to request jury instructions on expert testimony. [Doc. 163 at 5.] However, as the Government correctly explains, no expert testified at Movant's trial, and jury instructions on

5

expert testimony were unnecessary. [Doc. 165 at 13.] Therefore, Movant's counsel did not perform deficiently, and Movant was not prejudiced.

In ground three, Movant claims that his counsel failed to challenge evidence of Movant's prior convictions. [Doc. 163 at 7.] However, as the Government correctly explains, Movant's counsel filed a motion in limine seeking to exclude evidence of Movant's prior convictions. [Doc. 165 at 14-15.] The District Court denied the motion in limine. [Doc. 112.] Despite that outcome, Movant's counsel did not perform deficiently, and Movant was not prejudiced. *See Ward v. Hall*, 592 F.3d 1133, 1164 (11th Cir. 2010) ("[T]he fact that a particular defense was unsuccessful does not prove ineffective assistance of counsel.").

Accordingly, Movant should be denied § 2255 relief as to grounds one, two, and three.

### B. Ground Four

In ground four, Movant claims that his cell phone records were inadmissible under *Carpenter v. United States*. [Doc. 163 at 8.] *Carpenter* holds that a warrant is required to obtain "cell site location information." *Carpenter*, 138 S. Ct. at 2221. However, as the Government correctly explains, Movant's "cell site location information" was not obtained. [Doc. 165 at 17-18.] Instead, the Government obtained a search warrant for two cell phones found in the vehicle that Movant was

driving when fleeing from law enforcement. [*Id.*] Because *Carpenter* does not apply to the present case, Movant should be denied § 2255 relief as to ground four.

### III.  Certificate of Appealability (COA)

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate, set aside, or correct sentence] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of

7

reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

A COA should be denied because the resolution of the issues presented is not debatable. If the District Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

### IV.   Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that the § 2255 motion, [Doc. 163], be **DENIED**, a COA be **DENIED**, and civil action number 1:18-cv-4189-SCJ-AJB be **DISMISSED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the undersigned.

**IT IS SO RECOMMENDED AND DIRECTED**, this 18th day of November, 2019.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE