# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

WOODROW ANDREW CLARK,  :
    Movant,  :
      :    CRIMINAL ACTION NO.
v.  :    1:15-CR-104-SCJ-2
      :
UNITED STATES OF AMERICA,  :
    Respondent.  :

## **ORDER**

Presently before the Court is the Magistrate Judge's Report and Recommendation (R&R) recommending that the pending 28 U.S.C. § 2255 motion to vacate be denied. [Doc. 171]. Movant has filed his objections in response to the R&R. [Doc. 173].

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a *de novo* basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).

AO 72A
(Rev.8/82)

On June 28, 2016, after a trial, the jury found Movant guilty of conspiracy to possess with the intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A) and 846. [Docs. 8, 124]. On September 12, 2016, this Court sentenced Movant to 156 months of incarceration to be followed by five years of supervised release. The Eleventh Circuit affirmed. See United States v. Clark, 710 Fed. Appx. 418 (11th Cir. 2017), *cert. denied*, 138 S. Ct. 2663 (2018). Movant then filed the instant § 2255 motion, raising four grounds for relief.

In the R&R, the Magistrate Judge determined that Movant had failed to establish his Ground 1 claim that his trial counsel was ineffective for failing to file a motion in limine to challenge the expert testimony of a special agent witness because he had not been qualified as an expert. The Magistrate Judge concluded that Movant could not establish a claim of ineffective assistance because his counsel objected when the Government's counsel appeared to ask the agent for an expert opinion at trial, and this Court sustained the objection. [Doc. 165 at 4-5].

In his Ground 2, Movant claimed his trial counsel was deficient for failing to request a jury instruction on expert testimony, but as explained by the Magistrate Judge, no experts testified at Movant's trial. In Ground 3, Movant contends that that his counsel failed to challenge evidence of Movant's prior convictions. Again,

Movant's claim is belied by the record because Movant's counsel filed a motion seeking to exclude evidence of Movant's prior convictions.

In Ground 4, Movant claims that his cell phone records were improperly admitted into evidence. However, according to the Magistrate Judge, the case Movant relies on, Carpenter v. United States, 138 S. Ct. 2206 (2018), is not applicable. Carpenter stands for the proposition that a warrant is required to obtain cell site location information from a wireless telephone service provider, but the evidence admitted at Movant's trial was taken directly from the phones found in Movant's car after his arrest, and law enforcement officials had obtained a warrant to search the phone. [Doc. 165 at 17-18].

In his objections, Movant first contends that the Magistrate Judge erred in concluding that he is not entitled to relief with respect to his Grounds 1 and 2 regarding his claims that his trial counsel failed to object to the expert testimony of a law enforcement agent and failed to seek a jury instruction on expert testimony. Petitioner contends that expert testimony was given at his trial and that trial counsel failed to keep it out and should have sought an instruction. However, Movant challenged the purported expert testimony in his appeal, and the Eleventh Circuit held that because the agent's "testimony was based on his perception of [Movant]'s actions, it was admissible as lay opinion testimony under Rule [of Evidence] 701." Clark, 710 Fed.

Appx. at 422 (11th Cir. 2017). Granting relief to Movant with respect to either of his first two grounds for relief would require this Court to "reverse" the Eleventh Circuit's determination that there was no expert testimony at Movant's trial. "Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255." United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000) (citation and quotation omitted). As this Court is bound by the Eleventh Circuit's determination that the agent provided lay testimony, Movant cannot demonstrate that he was prejudiced by his trial counsel's failure to challenge that testimony as expert testimony.

Movant's objection to the Magistrate Judge's determination regarding his Ground 3 is entirely conclusory and thus does not merit discussion. Marsden, 847 F.2d at 1548. Finally, in his objection to the Magistrate Judge's conclusion that Movant is not entitled to relief with respect to his Ground 4 claim that his cell phone records were improperly admitted, Movant argues that the Supreme Court in Carpenter did state that data from cell phones are protected by the Fourth Amendment. Although Movant is correct, see Carpenter, 138 S. Ct. at 2214 ("[P]olice officers must generally obtain a warrant before searching the contents of a phone."), the record reflects that the agents did obtain a warrant prior to searching Movant's phone, [Doc. 149 at 98], and the data from the phone were thus not subject to exclusion at Movant's trial.

AO 72A
(Rev.8/82)

Having reviewed the R&R in light of Movant's objections, this Court concludes that the Magistrate Judge's findings and conclusions are correct. Accordingly, the R&R, [Doc. 171], is hereby **ADOPTED** as the order of this Court, and the 28 U.S.C. § 2255 motion to vacate, [Doc. 163], is **DENIED**.

For good cause shown, Movant's motion for an extension to file his objections, [Doc. 174], is **GRANTED** nunc pro tunc.

This Court further agrees with the Magistrate Judge that Movant has failed to raise any claim of arguable merit, and a Certificate of Appealability is **DENIED** pursuant to 28 U.S.C. § 2253(c)(2).

The Clerk is **DIRECTED** to close Civil Action Number 1:18-CV-4189-SCJ.

**IT IS SO ORDERED**, this 22nd day of January, 2020.

        s/Steve C. Jones
        STEVE C. JONES
        UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)